ACCEPTED
05-15-00131-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
7/6/2015 9:21:20 PM
LISA MATZ
CLERK

**CAUSE NO. 05-15-00131-CV**

IN THE COURT OF APPEALS
FOR THE FIFTH JUDICIAL DISTRICT OF TEXAS
DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
7/6/2015 9:21:20 PM
LISA MATZ
Clerk

Sisaat Sisavath, Oythib Phouangsavath,
*Appellants*

V.

Donald Oates, Sutton Place HOA,
*Appellees*

From the County Court of Law No. 2, Dallas County, Texas
The Honorable King Fifer presiding

**BRIEF OF APPELLEES DONALD OATES AND SUTTON PLACE HOA**

Law Office of Timothy E. Baker

Timothy E. Baker
State Bar Number: 24050247
1205 S. Greenville Ave.
Allen, TX 75002
P. 214.727.4956
F. 214.506.6015
Attorney for Appellees Donald Oates and
Sutton Place HOA

**ORAL ARGUMENT REQUESTED**

## I.      Identity of Parties and Counsel

Appellees Donald Oates and Sutton Place HOA agree with the identification of Appellants and Appellants counsel.

The attorney representing Appellees Donald Oates and Sutton Place HOA is:

> Timothy E. Baker
> Law Office of Timothy E. Baker
> State Bar Number 24050247
> 1205 S. Greenville Ave
> Allen, TX 75002
> Phone: 214-727-4956
> Fax:  214-506-6015
> tbaker@timbakerlaw.com

This adds in Mr. Baker's State Bar number and corrects the fax number identified in Appellants' brief.

Appellees/Defendants Don Oates and Sutton Place HOA would like to supplement and correct Appellants' identification of Defendant Cencir, Inc.

Defendant Cencir, Inc. was a defendant at the Justice of the Peace trial for this matter.  Cencir, Inc. did not appeal that judgment.  However, when the matter was originally called for trial at the County Court level (based on the appeal to the County Court by Defendants Donald Oates and Sutton Place HOA), the County Court had Cencir, Inc. noticed to appear at a new trial setting.  Cencir, Inc. did not appear for this new trial date, but trial proceeded and judgment was granted against Appellants/Plaintiffs Sisaat Sisavath and Oythib Phouangsavath and in favor of Defendants Cencir, Inc., Donald Oates, and Sutton Place HOA.

This brief is on behalf of Appellees/Defendants Donald Oates and Sutton Place HOA only.  Counsel for Donald Oates and Sutton Place HOA does not represent Cencir, Inc.

05-15-00131-CV, Appellees Donald Oates and Sutton Place HOA

To the knowledge of counsel for Appellees/Defendants Donald Oates and Sutton Place HOA, contact information for Cencir, Inc. is:

Mary Davis
Cencir, Inc.
P.O. Box 170028
Dallas, TX 75217
P. 214-319-9001


To the knowledge of the counsel for Appellees/Defendants Donald Oates and Sutton Place HOA, Appellee/Defendant Cencir, Inc. has never been represented by a licensed attorney in this matter and Mary Davis is not a licensed attorney.

05-15-00131-CV, Appellees Donald Oates and Sutton Place HOA

## II.	Table of Contents

I.	Identity of Parties and Counsel	1
II.	Table of Contents	3
III.	Index of Authorities	4
IV.	Statement of the Case	5
V.	Statement Regarding Oral Argument	5
VI.	Issues Presented	5
VII.	Statement of Facts	6
VIII.	Summary of Arguments	6
IX.	Arguments	7
X.	Prayer	12

05-15-00131-CV, Appellees Donald Oates and Sutton Place HOA

## III.    Index of Authorities

**Statutes**

TEX. OCC. CODE §2308.......................... 10
TEX. OCC. CODE § 2305.255.................. 10
TEX. OCC. CODE §2308.404....................6, 7, 8, 10, 11
TEX. OCC. CODE §2308.404(c)...............6, 7
TEX. OCC. CODE §2308.405.................... 9
TEX. OCC. CODE §2308.406..................... 9
TEX. OCC. CODE §2308, Subchapter K..... 9
TEX. Prop. CODE § 202.001...................... 8

**Texas Attorney General Opinions**

DM-330 ……………………………....... 9
JC-0554 …………………………………….. 9

## IV. STATEMENT OF THE CASE

Appellants sued Appellees in Justice of the Peace Court seeking damages for violations of the Texas Towing and Booting Act. Appellants prevailed at the Justice of the Peace level, but Appellees appealed to the County Court of Law level for a trial de novo. On May 17, 2012, the case came for trial in the County Court of Law #2, Dallas County, Texas and the Court found that Appellants were barred from seeking damages in the matter and were not entitled to recover judgment against Appellees. (CR 1:961). On September 4, 2012, the trial court issues findings of fact and conclusions of law. (CR1:7-8). The 5th Court of Appeals, having the trial court's judgment, but not the trial court's findings of fact and conclusions of law as part of the record, reversed the trial court's ruling and judgment as to the impact of res judicata in the case and remanded the case back to the trial court for further proceedings consistent with the Court of Appeals Opinion. (CR 1:11-18). Upon remand, the trial court held a status conference and set a date for submission for dispositive motions. (CR1:638). After the status conference, but before the submission date, Appellants filed an Amended Motion for Summary Judgment. (CR1:639). Appellees filed a response to the Amended Motion for Summary Judgment (CR1:938) and a Motion for Entry of Judgment (CR 1:943). On December 25th, 2014, the trial court rendered the judgment that is subject to this appeal finding that Appellants take nothing (CR 1:961-962).

## V. STATEMENT REGARDING ORAL ARGUMENT

The Court should grant oral argument as oral argument would give the Court a more complete understanding of the facts and how they relate to the law in this case.

## VI. ISSUE PRESENTED

05-15-00131-CV, Appellees Donald Oates and Sutton Place HOA

The trial court did not err as a matter of law in finding that Appellants take nothing.

## VII.    STATEMENT OF FACTS

At some point during or prior to August 2010, Sutton Place HOA, through its President, Donald Oates, contracted to have Cencir, Inc. patrol for parking violations within the bounds of the HOA and to tow in certain circumstances (RR 3:75, 78, 87).  On September 18, 2010, cars belong to Appellants were towed by Cencir (RR 3:88-89). Appellants sued, claiming that Appellants violated the Texas Towing and Booting Act in a way or ways that justified remedies under §2308.404 of the Texas Occupational Code.

## VIII.    SUMMARY OF ARGUMENT

§2308.404(c) of the Texas Occupational Code states that "A towing company, booting company, or parking facility owner who intentionally, knowingly, or recklessly violates this chapter is liable to the owner or operator of the vehicle that is subject of the violation for $1,000 plus three times the fees assessed in the vehicle's removal, towing, storage, or booting."   Three phrases need to be understood to properly apply this statute in this case.

First is the phrase "parking facility owner."  Under the relevant definition in the Occupational Code, Appellant Don Oates is not a "parking facility owner" and thus should not be a party that can be liable under §2308.404.

Second is the phrase "vehicle that is a subject of the violation."  Several of the alleged violations relied on by Appellants to justify the §2308.404 remedies do not have a particular vehicle that is subject to the violation and are regulated by fines rather than §2308.404 remedies.  Of the alleged violations where Appellants' vehicles could be

05-15-00131-CV, Appellees Donald Oates and Sutton Place HOA

reasonably classified as vehicles that are a subject of the violation" the record indicates that the violation may not have occurred if the trial judge gave credit to evidence favorable to Appellees' on those items.

Additionally, these items where the vehicles could be seen as subject to the violation, the third phrase, "intentionally, knowingly, or recklessly" needs to be considered. There is evidence in the record that indicates that neither Don Oates nor Sutton Place HOA acted intentionally, knowingly, or reckless in regards to these items.

## IX. ARGUMENT

§2308.404(c) of the Texas Occupational Code states that "A towing company, booting company, or parking facility owner who intentionally, knowingly, or recklessly violates this chapter is liable to the owner or operator of the vehicle that is subject of the violation for $1,000 plus three times the fees assessed in the vehicle's removal, towing, storage, or booting." Three phrases need to be understood to properly apply this statute in this case.

First is the phrase "parking facility owner." Under the relevant definition in the Occupational Code, Appellant Don Oates is not a "parking facility owner" and thus should not be a party that can be liable under §2308.404.

The civil liability statute at issue in this case, TEX.OCC.CODE §2308.404 states that "A towing company, booting company, or parking facility owner who violate this statute is liable . . . ." Don Oates is President of Sutton Place HOA. He is not a towing company, booting company, or parking facility owner. In the section outlining the definitions under the towing act, "Parking Facility Owner" is defined as (A) an individual, corporation, partnership, limited liability company, association, trust or other

05-15-00131-CV, Appellees Donald Oates and Sutton Place HOA

legal entity owning or operating a parking facility; (B) a property owners' association having control under a dedicatory instrument, as that term is defined in section 202.001, Property Code, over assigned or unassigned parking areas; or (C) a property owner having an exclusive right under a dedicatory instrument, as that term is defined in Section 202.001, Property Code, to use a parking space."    Second is the phrase "vehicle that is a subject of the violation." Several of the alleged violations relied on by Appellants to justify the §2308.404 remedies do not have a particular vehicle that is subject to the violation and are regulated by fines rather than §2308.404 remedies. Of the alleged violations where Appellants' vehicles could be reasonably classified as vehicles that are a subject of the violation" the record indicates that the violation may not have occurred if the trial judge gave credit to evidence favorable to Appellees' on those items.

Don Oates falls into none of these categories and no cause of action other than TEX.OCC.CODE §2308.404 was alleged against him. Thus, he should not be found liable for any damages in the suit.

The second phrase at issues is "vehicle that is a subject of the violation." Several of the alleged violations relied on by Appellants to justify the §2308.404 remedies do not have a particular vehicle that is subject to the violation and are regulated by fines rather than §2308.404 remedies. Of the alleged violations where Appellants' vehicles could be reasonably classified as vehicles that are a subject of the violation" the record indicates that the violation may not have occurred if the trial judge gave credit to evidence favorable to Appellees' on those items.

In particular, the Appellants' claims in the following argument sections of their brief fall under this category:   A. iii. (signage was improper and insufficient), A. iv.

05-15-00131-CV, Appellees Donald Oates and Sutton Place HOA

(Appellees did not provide written verification to the tow company), and A. v. (Appellees accepted signage and painting at no cost).

For the signage and painting at no cost, the Appellees have referred to a couple of Attorney General opinions that were appended to the Motion for Summary Judgment (CR 926-934). These opinions were dealing with the predecessors of the Occupational Code provisions in effect at the time the tows in this case were made. Two points need to be made about these opinions.

The first deals with the relationship between the statute provision and its relation to particular removals from a parking facility. In footnote one of Opinion No. DM-330, Attorney General Dan Morales noted that "It has been suggested that the gift or loan of such a sign may not be 'in connection with the removal of a vehicle from a particular facility.' **We decline to read this phrase to refer to particular removals.** In our view, it refers to the whole contract between the facility owner and the towing company and the incidents thereto." (CR1:929 – emphasis added). This phrase is quoted in the other Attorney General's opinion by John Cornyn provided by Appellants, JC-0554 (CR 1:932).

The Cornyn opinion goes on to make the second point relevant here – enforcement. It quotes the Transportation Code criminal penalty and describes how a prosecution would work (CR 1:932-933). The criminal penalty is still in the statute as TEX.OCC.CODE §2308.405. Other enforcement provisions are located at TEX.OCC.CODE §2308.406 and Subchapter K of TEX.OCC.CODE §2308.

The point is that alleged violations of TEX.OCC.CODE §2308 need to be looked in the context of is they are related to a particular tow in order for the remedies in TEX.OCC.CODE §2308.404 to be applicable.

The written verification to the tow company that the signs are in place seems pretty remote from a particular tow and more appropriate to be addressed through prosecution and action by regulators rather than be private litigation. Additionally, Section 2308.255 of the Texas Occupations Code speaks to win a towing company may tow, so it would be the towing company's violation, not the parking facility owner's (Sutton Place HOA) violation.

Improper and insufficient signage, especially in regards to whether a sign mounted on a pole is considered permanently mounted seems a prosecutorial and regulatory function rather than something that would make a tow subject to Section 2308.404 remedies if the sign was otherwise in compliance and in place at the time of the tow.

Even if and when there are alleged violations where it could be construed that the vehicles could be seen as subject to the violation, the third phrase, "intentionally, knowingly, or recklessly" needs to be considered. There is evidence in the record that indicates that neither Don Oates nor Sutton Place HOA acted intentionally, knowingly, or reckless in regards to these items.

First, it appears that the Appellants' brief applies the phrase "intentionally, knowingly, and recklessly" to the act of towing (see Appellants' Br. at paragraphs 82 and 83, pp. 23-24). The statute itself contemplates an intentional, knowing, or reckless violation of the statute. Don Oates and the HOA (through Don Oates acting as its agent)

05-15-00131-CV, Appellees Donald Oates and Sutton Place HOA

did not reach this standard as Don Oates asked that the tow company to not tow the cars and did not revoke that request (RR 2:132:7-23).

As this applies to Appellants' claim in subsection A. i. of their Argument, there is disputed evidence on whether there were signs present on the night of the tow. Don Oates testified that the sign was there at least a couple of days prior to the tow (RR 2:134:3-16). Appellants as Plaintiffs provided photos showing no signs two days after the tow. Neither side conclusively demonstrated whether the sign was there on the night of the tow and the burden was with the Appellants. The trial court could have given credit to Don Oates testimony that the sign was there at one point shortly before the tow and that the towing company may have been reluctant to tow if there was no sign.

As to Appellants' claim in subsection A. ii. of their Argument that the tow was subject to Section 2308.404 remedies because the fire lanes did not meet the statutory standards, there is testimony that the tows were not fire lane tows. Don Oates testified that he was informed the cars were parked on the grass (RR 2:132:7-15). The sign in question referenced parking on the grass as a violation (RR3:95). It can also be argued that the fire lane regulation are global requirements not related to a particular tow and are enforceable by local prosecutors rather than the civil penalty regime the Appellants are relying on.

As to Appellants claims in subsection A.iii. of their Argument that signage was improper and insufficient (either not there or not properly mounted), if the trial court found that the Appellants did not meet there burden of establishing the sign was not there on the night in question, then the sign appeared other adequate except for questions of mounting which the trial court could have found was permanent enough to meet the

05-15-00131-CV, Appellees Donald Oates and Sutton Place HOA

statute's requirements.

## X.     PRAYER

Appellees pay that this Court upholds the trial court's ruling and judgment in full.

Respectfully submitted,

Law Office of Timothy E. Baker

By: /s/Timothy E. Baker
TX Bar Number 24050247
1205 S. Greenville Ave
Allen, TX 75002
P. 214.727.4956
F. 214-506-6015
Attorney for Appellees Donald Oates and
Sutton Place HOA

## Certificate of Service

I certify that a true copy of the foregoing was served in accordance with the Texas Rules of Appellate Procedure to Warren V. Norred, attorney for Appellants on July 6, 2015.

/s/ Timothy E. Baker
Timothy E. Baker
Attorney for Appellees Donald Oates and
Sutton Place HOA